et al, case number 25583. Order your Honor, Mr. Maine, please record, Andrew Demirak. Mr. Demirak? Demirak? Yes. Hold on one second, please. How do you pronounce your name, sir? Taylor Demirak.  Good morning, Mr. Demirak. Please proceed. Good morning. Thank you, Your Honors. May it please the Court, in this case, the judgment of the District Court should be vacated and the matter should be remanded for, at a minimum, a hearing for proper findings on the Plaintiff Appellant's Batson Challenge, and, at the most, a new trial. Here, the record is clear that there were no findings for two of the three challenged prospective black jurors, and the finding for the third was conclusory and insufficient. Why do you say that there were no findings for two of the three? It's true that the Court says, I don't think he struck him because he's black. He did articulate race neutral reasons. So that is, you know, responding to the third. But then he says, I'm going to overrule the Batson Challenge, and that applies to all three, right? But haven't we said that as long as the parties can express their arguments, the judge can articulate its reasons in the form of a clear rejection or acceptance of the challenge? So don't we – should we – I mean, you know, maybe you have an argument that he shouldn't have rejected the challenge, but isn't it a reasonable understanding of the record that he rejected the challenge as to all three? So I don't think that's a reasonable – and thank you for your question – it's not a reasonable analysis of the record because the comment that she's rejecting the Batson Challenge is preceded by a statement as to specifically one of the jurors. The magistrate judge may have gotten confused because the Batson Challenge was not raised until the third strike as based upon a pattern of striking three persons of black race in a row. That may be where it is. So I think the record would more likely be read to the extent that the explicit finding was only for one of the three, and perhaps the magistrate judge was confused or mistaken that it did apply to all three. But how could the judge be confused? I mean, the judge asked for race-neutral reasons as to all three, right? Yes, and the explicit finding – the reason why I would say that – The judge said, okay, you've made a Batson Challenge. I would like the defense to articulate race-neutral reasons as to all three, and then after hearing the reasons, the judge suddenly forgot that there were two others and then only ruled on the third one? Well, I wouldn't say the judge forgot. I would say that the judge was looking at whether there was evidence of a pattern, and under Batson, United States v. Alvarado, and other case law here, when courts determine Batson, they're supposed to look at the totality of the facts and circumstances. So it's possible that the magistrate judge looking at all of the facts and circumstances is determining whether juror number 17 should be sat on the jury for the Batson. But I do agree with you that under Second Circuit case law, there is no specific formulae of magic language that has to be stated. If a judge states they reject the Batson, that is sufficient for the record. The question then would become, did the magistrate judge actually engage in its obligation to assess the credibility of the proffered explanations? And I don't think the way that the record was presented or the way that the magistrate judge assessed Batson was sufficient to show that they actually determined the credibility. So even if there was a vague, ambiguous statement on rejecting Batson, I think even there, that wouldn't qualify as an explicit finding as to each individual person subject to Batson. The magistrate judge should have said, I am overruling Batson for number 17, number 8, number 16, or something like that to have satisfied Batson's third step. I'm sorry, you're saying that we've said that it's okay to just make clear that you're rejecting the Batson challenge. So you don't need to give particular reasons. You need to have a statement that you're rejecting it. So you're saying the thing that's missing from the record is the district court says, or the magistrate judge says, I'm going to overrule the Batson challenge, but what's missing is with respect to jurors 8, 16, and 17. Is that what you're saying is the error? Well, that's part of the error. So the error itself is not making explicit findings. So I think, again, when the court says it's overruling Batson. But what about explicit findings? You just said that under our case law, you don't have to make explicit findings. You can just articulate a rejection of the challenge. You know, presumably, you know. Which is the error itself. To be able to look at the reasons and understand, look at the record and understand the reasons. Mr. DeMariak, are you contending that if you look at page 76 of the voir dire transcript, what the magistrate judge says is I don't think he struck he, meaning the prosecutor or the defense lawyer. I don't think the defense lawyer struck him because he's black. Now, that seems to be a clear credibility finding with respect to there was a race-neutral reason suggested and I don't think he had a race-based motivation. But then the magistrate goes on to say he did articulate race-neutral reasons. Now, of course, as applied to the juror where she specifically made a finding, I don't think he struck him because he's black, that doesn't undermine that finding. But as to the other two, might that mean that the magistrate judge was satisfied, having determined that this one was credible, that the fact that he articulated race-neutral reasons for the other two is enough? Are you suggesting that's the problem? Well, yes. It's part of the problem because just articulating the race-neutral reasons is not sufficient. The judge has to look at the credibility. And then the next thing that the magistrate judge says is, I do think there are two black members who will still be on the jury. Now, that would not be a valid reason for overruling a Batson challenge. Is that not correct? If that were all that it says. That's correct. Yes, that's correct. Just because there are other members of the black race on the jury doesn't mean that the specific one's challenged because the way, you know, race discrimination is a jury process. In fairness, Mr. Demiriaki, you kind of invited that whole story by making the argument that there needed to be a large number of black jurors on the jury, which is because the plaintiff and the defendant were both black, which is not a valid Batson challenge. But at least this is what the magistrate judge said immediately before saying, I'm going to overrule the Batson challenge. Right?  So I would say that those statements show that the magistrate judge's focus was incorrect. You have to focus on the challenged jurors themselves, not the ones that are actually sat. Well, to get the reconstruction hearing, you don't necessarily need to show that this establishes that the magistrate judge erred. All you need to suggest is or to establish to our satisfaction is that it is ambiguous with respect to what the magistrate judge actually based the overruling the Batson challenge on. And I think that's exactly where we are here. Just like the United States v. Alvarado, the magistrate made findings as to two and not four of the challenged jurors. It was remanded back for a hearing on those jurors that there were not findings on that remand hearing. The judge did find it was more explicit, not ambiguous, sustained it. It came back to the Second Circuit and the Second Circuit upheld the race-neutral reasons and affirmed the judgment against the defendant there. So the idea that there are the other black jurors on the jury, it's not illegitimate. It's not dispositive, but it's not legitimate to consider that. Right. We've said, you know, Harris v. We agree that under Batson, the fact that the prosecutor initially accepted one black juror is a circumstance that might tend to rebut an inference that the prosecutor— Yeah, but here he didn't accept any black jurors. He only had three challenges, and he used them all against blacks. So, okay. Well, so the fact that there are other jurors on the jury, it was not, like, illegitimate to take note of that. The only problem would be if we thought that was the only reason for rejecting the Batson challenge, right? Yes, and thank you for your question. So maybe it's extraneous or something, but—  What? What was your—what were you saying, counsel? It can be considered because in determining Batson, the court must look at the totality of the Batson circumstances. So, obviously, if a person has jurors of black race on a jury, that is something that could be considered. Right. That's a circumstance. So it's not—it doesn't make it that, like, the rejection is an ipso facto invalid because the judge said that. So the argument would have to be that when he gave the record shows that that was the only reason for rejecting the Batson challenge. I agree, but when a party uses 100 percent of available parameters against persons of black race, it's very clear that regardless as to how many black jurors are on, you use as much as you could to exclude persons based upon—on the basis of their race. I agree. I mean, even if it were—even if it were a different fact pattern where they did allow other black jurors onto the jury, it probably wouldn't be dispositive that, you know, the particular strikes were—it would be probative, but it wouldn't be dispositive anyway. So regardless, actually, of the circumstances, we think that can't be the sole reason, right? But I guess my question is, if we read the record and the magistrate judge asks the defense to articulate race-neutral reasons for all three strikes, why would we think that this record shows that that was the only reason, as opposed to just an additional circumstance of which the magistrate judge was taking note? That's not the only reason. That's just one additional circumstance. What I was focusing on in my opening brief was that because the magistrate judge opened with focusing on the content of the jury itself, I think that shows the error that follows the Batson challenge. But the magistrate judge was not opening with that focus. The magistrate judge says the defense articulated race-neutral reasons. Additionally, you know, there are the other jurors, and I'm going to overrule the Batson challenge, which is a definitive statement. I would respectfully disagree. I think when I made the challenge, the judge asked, let's look at the jurors, and she pointed out that there are two persons who are black on the jury, and then went to analyze the Batson challenge. There was no analysis. There was no requesting of the plaintiff to explain why. There was no requesting of the race-neutral reasons up until that point. So that was a focus for us. I thought that maybe I misunderstood, Mr. DeMaria. I thought that the thrust of your argument was that the magistrate judge here was required by our case law to make an explicit adjudication of the credibility of the government's race-neutral explanations. So she says he did articulate race-neutral reasons. I thought your argument was that is not enough. That is the second step. The third step is to actually make an explicit adjudication as to the credibility of those reasons. Now— Yes, that's exactly right. And I was just responding to Judge Ranach's questions on that to explain that. I do agree that the case law on its base, on its base level, does not require special language. But my argument is and remains that there is no explicit findings because the judge— So when you say—special language. When you say that, so if the judge had said he did articulate race-neutral reasons, you're not saying that just then saying, well, you lose on that side, that that's enough. You're not saying that because that's what I thought. Yeah, what I would say is that it should have been more clear that I'm overruling the Batson challenge as to juror number 17, juror number 8, and juror number 16. Here, she would be referring to juror number 17. So if the transcript said the defense articulated race-neutral reasons, I find that they're plausible and not pretextual, I'm therefore overruling the Batson challenge for all three jurors. That would be sufficient. That would be sufficient because the way the record is— So your argument depends on us understanding what was said as not implying that the district court thought that the race-neutral reasons were plausible and non-pretextual and that the rejection applied to all three. I think the only clear reading of the record is that she was focusing on one specific juror, the third juror that was struck, not the other two. But she does make this statement rejecting the challenge after getting the race-neutral reasons for all three, right? She does, but I think, again, that was because she was looking at the Batson circumstances surrounding it because it was—there wasn't a Batson challenge made initially when the first person was struck, the second person, the third person. It was made after we realized there was a pattern. That's why. But regardless, there are no inquisitive findings, meaning there's no explanation by the court as to why it doesn't find—why it finds those reasons credible, right? Let me separate out the reasons from the articulation. So you agreed a moment ago that if the statement were not simply he articulated race-neutral reasons, but he articulated race-neutral reasons which I find are plausible and non-pretextual and then said, I reject the Batson challenge for all three, you're saying that would be sufficient. So it's not like you need to explain all of the logic for why they're non-pretextual, right? So the— Yes, that would be sufficient to satisfy— What? That would be sufficient to satisfy presumably the second step of Batson. Correct. That would satisfy the second step of Batson. And as the court's case law is clear, the court's findings on Batson is entitled to deference. So if that was done, I would really have a hard sell to argue this appeal. Right, but Judge Menasche's hypothetical says those are not pretextual. That seems to be an explicit finding of credibility that would satisfy the third problem of Batson as well. That would be an explicit finding that the—of credibility. Yes, I agree. If it's clearly stated just that simply and it's clear that it's referring to the rebatson challenge, then yes, that would be sufficient to satisfy it, but that was not done here. But in context, if the district court has just asked for the race-neutral reasons for all three, says you've articulated—like the defense has articulated race-neutral reasons, therefore I'm overruling the Batson challenge, doesn't that imply the district court thinks that those are non-pretextual reasons? I don't think it's available for us on appeal to infer or imply anything from the record. We have to refer to the record itself. That's the reason why when a judge does rule against someone on a Batson or rule in favor, those decisions are tied to deference because we can't really infer. But here there would be no such deference because the court didn't necessarily reach the third step for at least two of the three jurors. But why is there no deference? So I'm sort of—you agreed before that our precedents say if you make a firm statement rejecting the Batson challenge, that's enough. If the district court took the race-neutral reasons, accepted the race-neutral reasons, and made a firm statement rejecting the Batson challenge, you know, we usually assume that a district court discharges its responsibilities unless something in the record says that it didn't. Why should we understand that as a district court saying, I think these are acceptable race-neutral reasons for the challenges? I mean, you can challenge it on the merits, whatever, but, like, isn't that what the management judge did? It said, like, I want these race-neutral reasons. I find those sufficient. Therefore, I'm rejecting the Batson challenge. The reason why I disagree with you is that I think that when the court says, I believe the defendants have established race-neutral reasons, my reading of the record and being in the court was that that specifically applied only to that one single black male juror, right? And we could infer that those statements apply to all three because, as Your Honor stated, she does request race-neutral reasons for all three before making that statement. You didn't cite it, Mr. Demiriak, but, in fact, we have a case, a presidential opinion, Dolfi against Montello in 2009, where the magistrate judge or the judge, whoever conducted the voir dire, after hearing the race-neutral reasons, said, very well, the strike will stand, and after a renewed objection said, I'm satisfied that is a race-neutral explanation, so the strike stands. And in that case in which we said no need for formula of words or a mantra, Judge Jacobs, for the panel, said that wasn't good enough. We also have a summary order in United States v. Razor in 2001 where we remanded the case because the judge simply denied the Batson motions after hearing the government's race-neutral reasons. It might have been helpful if you had cited those cases, but you didn't. But they're there.  What will we hear from Ms. Frank? Oh, well, was that a question? No, that wasn't a question. Ms. Frank. Just trying to move the argument along.  Good morning, Your Honors. May it please the Court. I'm Theresa Fraim from the MTA Law Department on behalf of Defendants' Appellees. Plaintiff's position that the magistrate judge failed to rule on his Batson objection is refuted by the record. As Your Honors have already pointed out, the magistrate judge explicitly stated, I'm going to overrule the Batson challenge. Now, that wasn't done in isolation. You just heard Judge Lynch describe our case law actually stretching back even further beyond Dolphin, Barnes, and so on, where we seem to have required, notwithstanding a judge's reference to the existence of race-neutral reasons, an additional step, at the third step, a Batson of an explicit adjudication of credibility. And it's not enough, apparently, if you read those cases, but I might be wrong, to just say race-neutral reasons sound good enough to me. I overrule the Batson challenge. So can you respond to that? My response would be that this statement was not made in isolation. There were detailed reasons provided for each juror, and the magistrate judge heard from both parties. There's a full record on this. It wasn't just objection, I'm getting rid of this. As Your Honor has also pointed out, or I should say a plaintiff has already conceded, there are no talismanic recitation of specific words that are required.  So it could be credibility. It could be, I find this not to be contextual and so on, but at the very least, there needs to be something more than, I find these to be, he did articulate race-neutral reasons to be set aside, whether that applies to one of the structures or to all three. But that we've, I think, held is not enough at Batson, partly because of the importance to the integrity of the judicial proceedings that Batson is meant to protect. Yes, Your Honor. I wanted to answer your question. However, plaintiff has already conceded explicitly in his argument that this was sufficient if it was made to each and every juror. His argument is only that there wasn't an explicit adjudication as to two of the three jurors. And that was just conceded. Why does that make a difference? I mean, look, you didn't cite those cases either, the ones that I referred to in my colloquy with Mr. Demiriak. So perhaps it's unfair to push you too much on those cases. And you do have a case that goes the other way, which is Messiah against Duncan, where a different panel of the court said, at least, that unambiguous rejection of a Batson challenge will demonstrate with sufficient clarity that a trial court deems the movement to have failed to carry its burden to show the prosecutor's proffered race-neutral explanation as a contextual. And you cited that. That's correct, Your Honor. That one you didn't cite in your brief. That's correct. So maybe our case law is in some disarray on that subject. But we do have cases that go the other way. And I guess what I'm asking you is why would it make a difference if the – if it were – if they were the only two, if there was not the third juror, there were two challenges of black jurors, and that was enough to spark an inquiry. And the inquiry was had, and race-neutral reasons were given. And saying, well, he did articulate race-neutral reasons. I do think there are still two black members who will still be on the jury. I'm going to overrule the Batson challenge. You're suggesting that if there were only those two and there was no third one where there was an explicit finding, that wouldn't be good enough. But given that there was an explicit finding with respect to one, that changes it. Why would we think that? No, Your Honor. My argument is that although your question goes to the quality of the determination, plaintiff is focusing on the quantity. He wanted a determination for each and every juror as opposed to – Well, your argument is not that the magistrate judge had to say he did articulate race-neutral reasons, even if the magistrate judge just heard the race-neutral reasons and said firmly, I'm going to overrule the Batson challenge, without saying anything else, our cases say a firm rejection of the Batson challenge indicates that the district court has determined that the challenger failed to carry his burden on step three. Right? That's correct, Your Honor. So that is, you know, our cases say that. Maybe there's a case that points to the difference. Well, I don't know. I heard Messiah as well as Dolphy that had that. No, Messiah says that. Dolphy is the one in which – Well, Dolphy says that unambiguous rejection of a Batson challenge will demonstrate with sufficient clarity that a trial court deems the movement to have failed to carry his burden to show that the prosecutor's proper race-neutral explanation is pretextual. But then it denied the – You can sit down. I don't want to get in the middle of heated arguments. I also want to emphasize the fact that after plaintiff received the ruling from the magistrate judge, he didn't indicate that there was any sort of need for additional ruling. He didn't indicate that he thought two of his challenges were – his objections were outstanding. He was satisfied with the ruling at that time. He said thank you. He didn't object to making an additional record, and he stated he was ready to proceed. So I do believe this is a fabricated argument that's made purely on the basis of looking backwards at a trial that was held fairly and gave a plaintiff a decent shot at justice here. May I ask about Messiah? So we said there ordinarily at step three, the decisive question will be whether counsel's race-neutral explanation for Proctory's challenge should be believed, which, of course, sounds in credibility determination. Would you agree with that? Yes, Your Honor. Okay. And so even a reading of Messiah leads me, at least, to think that you need something – there's something to that to step three. What is step three in your view, in the government's view? The transfer authority's view is that step three includes taking and – allowing the party that has imposed the objection to state additional reasons or argument on the record, at which time the court can weigh those arguments with the reasons that are given. When you say weigh, so step two, as described in Messiah, is the persuasiveness of the prosecutor's race-neutral – well, I'm sorry, step two is the prosecutor's race-neutral explanation. And then we said the persuasiveness of that explanation only becomes relevant at the third Batson step. So there's the race-neutral reasons and your explanation, and then there's a separate step. And you're telling me that it's got to be persuasive, it's got to be credible, it's got to be something. Why do we have step three if you can just reject the Batson challenge and say that that's enough? Step three is about allowing the person who made the objection to respond to the reasons that have been given by the person exercising the strike. Right, so the burden is on the move-in to show that the reasons are pretextual, right? That's correct. Why don't we talk about the reasons? So for Juror 8, the defense says – so for my opinion, this case involves medical records and things of that nature. She seemed to be very simply educated, not knowing if she would fully be able to comprehend all the expert testimony, right? The argument from the plaintiff is, well, she was a medical technician, so it's not really true that she wouldn't be able to understand the expert testimony. But that is, you know, disputing whether that was the correct conclusion to draw. It doesn't mean that a reasonable person couldn't believe that this is the reason for striking the person, right? That's correct, Your Honor. And the plaintiff didn't articulate any additional facts that would have put those reasons given. In a greater context, that was more favorable to his position. Okay, and then for Juror 6, the defense says, I believe she's a home health aide, so sympathy toward dealing with individuals who may be disabled, elderly, things of that nature, right? And the plaintiff says, well, just because you work with the disabled, it doesn't necessarily mean that you're going to be more sympathetic to the disabled, right? So maybe that's right, but it doesn't mean that it's unbelievable that somebody could have thought that somebody who works with the disabled would be more sympathetic to the disabled, right? That's correct. Okay. And then the third juror is Juror 17, and the defense says he just seemed a little out of it, not being able to comprehend all the evidence that was going to come in. He said he's very philosophical. I forget where he said he gets his news from, but it didn't seem like he would fully comprehend the evidence. The plaintiff says the reason for excluding Juror 17 lacked credibility because he attended college for graphic design, invests in the stock market, likes TED Talks, and is interested in psychology. That sounds like he's kind of philosophical and has a lot of different abstract interests, and so doesn't that sort of tend to corroborate the reasons for this, right? Absolutely, and I'd like to emphasize, Your Honors, that in the case we were previously discussing, Messiah, that states that the proffered reasons aren't required to be persuasive or even plausible. And here, the transit wouldn't be up. It just had to actually be believed. Correct, Your Honor. Yeah. But to be believed. And the credibility determination is always based on the demeanor of counsel, which is something that's just not part of the record, unfortunately. How do you assess that on appellate review if we don't have that? And maybe the answer, your answer, maybe some answer is I reject the Batson challenge. But that, in the ordinary course, is not enough for appellate review. We need some justification, particularly in the context of Batson, which is not about anything other than judicial, the integrity of judicial proceedings. Yes, Your Honor. Just one more point on that issue is I would say that because the court heard from both sides, as Your Honors pointed out, the presumption is that the court did its duty. It heard from both sides. It weighed it in a determination that the objection was not valid. Thank you very much. Thank you, Your Honor. Mr. Demirak, did you hear all that? Yes, Your Honor, I did. So you have four minutes for rebuttal. Thank you. So brief rebuttal. So, again, with respect to what appellees are stating here, it's our position that the magistrate judge was not as explicit as to whether she found that there were race-neutral reasons for each of the three challenged jurors. Now, even if this court finds that in that ambiguous statement it does apply to all three, I do agree, and just so my argument is clear, that the magistrate judge did not explicitly reach that third step, at least with respect to two of the three. She specifically refers to number 17, saying, I don't think he struck him because he's black. I think that is a credibility determination. But none of that applies to the other two. And if the magistrate judge had reviewed it and went further, then we would have had a determination where those would not be credible findings. You have a medical assistant who's on a jury before, who had a unanimous criminal jury before, who said she'd be fair and impartial. There's no basis for a treachery. So I understand that you wouldn't make the same conclusion that she wouldn't be prepared to evaluate the evidence. But are you saying it's still obvious that the reason was a stupid reason, that the defense counsel couldn't possibly have been saying in good faith that that was the reason for the strike? Yes. So the word that I would use would be that the court, if it had reached that third step, would have no choice but to find that it was not a credible reason. You're saying it's not credible for anybody to think that juror number eight would be simply educated and that the person would worry that she would be able to understand the expert testimony. If she was this only black juror being excluded out of three peremptories and not 100 percent of black jurors, then maybe it would have some more credibility. But the totality of circumstances and the pattern of excluding three black jurors and in doing so knocking out 50 percent of the black female pool and 100 percent of the black male pool, there's no credibility. And so just so that I understand the nuance of your argument, what you're really arguing on appeal is that you should have had the opportunity to make the argument that you're making now, that it's not credible, and then, of course, the government, the transit authority would have had its opportunity and it could have, I don't know, even been in the hearing. I've participated in Batson challenges before as a lawyer. Is that what you're saying? Yes, because if you look at the record, the magistrate judge stopped it at finding that there were race-neutral reasons. I'm sorry, you didn't have the opportunity to make the argument? I mean, there was the challenge. The district – the magistrate judge got arguments from both sides. You know, nobody – you didn't say anything about some further reason for thinking that the reasons are pretextual. Why would we conclude you didn't have the opportunity? The magistrate judge never said something like, I don't care what you – if you have anything else to say, right? You just didn't say anything else, right? You made an argument. No, he did say – you did say several things, Mr. Demiriak. First of all, you did argue, at least with respect to Mr. Lamont, about the – that you thought that was pretextual. And you did say afterwards that now – that you think that the jury composition was designed by the defendant on purpose, which was an explicit enough argument that the prosecutor was lying that the – prosecutor, the – so he's the criminal case – the defense lawyer in the civil case. It was sufficiently clear to that lawyer that you were charging him with lying that he took very harsh exception to that. It calls into question my ethics as an attorney. It's disrespectful by plaintiff's counsel to insinuate that. So it was understood that you were challenging as to all three jurors that the prosecutor was engaged in deliberate ploy. And then the court, maybe a little tired of the two of you sniping back and forth at each other, said, okay, I think everyone has made their record on this, and that's where it ended. And I think at that point, just in light of what was going on and knowing that we weren't winning those challenges, I would say that the record was fully developed at the point that I could have it, and if I went further, it would have been futile. And the court made it very clear that I think everyone's made their record, obviously. I'm sorry. So even though you made an argument about the – that these explanations were pretextual, and that was before the magistrate judge, what else would you have said that you were denied the opportunity to say? What I'm saying is that Apelli's argument is that I had an opportunity to, and I could have went further, and I could have developed the record further, and trial counsel below could have further articulated why the race-neutral reasons were not valid. What I'm saying is that the magistrate judge ended the analysis at where we were. I'm not sure that that's right, but I'm asking a different question, which is, as Judge Lynch pointed out, you did make arguments that the purportedly race-neutral reasons were pretextual. I'm asking what additional arguments on that score would you have made that you say that you didn't have the opportunity to make. Well, I don't think there are additional arguments that I didn't have an opportunity to make at the time, but looking at the appellate record now and the briefing, obviously there are – hindsight, there are arguments that I probably would have – Yeah, but that's just to say that you wouldn't have made additional arguments, which means that you weren't denied the opportunity. The district court took your arguments on pretext and rejected them. You're just saying I want another chance to make additional arguments. No, I'm also saying that the district court didn't even go to assess credibility, and we know that based upon where the language is, he did articulate race-neutral reasons, and I think that is sufficient for this court to at least remand for hearing. So even though the magistrate judge got arguments from the defense about race-neutral reasons and heard you argue that the race-neutral reasons were pretextual, you're saying the district court in then saying I reject the Batson challenge just forgot that those arguments had just been made and failed to adjudicate them. I think the court failed to satisfy the third step, and the reason there's a third step is so that on appellate review, the appellate court will have the information it needs to make an actual determination. Here there's a gap in the record, which is we know that there's a private fishing case. We know that there's race-neutral reasons, which we disagree with. Why is there a gap in the record? I just went through all of the race-neutral reasons with opposing counsel and your arguments about why those reasons are pretextual. It seems to me I can look at the race-neutral reasons and the arguments about why it's pretextual and decide whether the magistrate judge was right or wrong. What's missing from the record that I would need? What's missing is what relies upon in the United States v. Alvarado is the onus on the trial court to make that determination. Do they believe that these are legitimate reasons to strike someone aside from race? I think what's missing in the record is the magistrate judge is not explicitly clear as to the credibility. I agree with you that on its baseline there is no talismanic language, but there needs to be some language, and here there is zero language as far as whether the magistrate judge believes that these were race-neutral reasons or at least two. I think we've got the arguments on both sides well in line. I thank you both. We'll obviously reserve the decision.